Dear Mr. Johnson:
You have requested an opinion from this office as to whether the Gulf South Research Institute is entitled to be exempt from the payment of ad valorem taxes.
Gulf South Research Institute has an appeal before your commission seeking an exemption, under the provisions of Section21, Article VII of the Louisiana Constitution of 1974, because of its activities in the following fields:
 1) Education
 2) Promotion of Trade, Travel and Commerce
 3) Health Research Programs
We have concluded that our office des not have the authority to make a decision as to whether any particular taxpayer is exempt, as this decision is based upon a factual determination. Your commission is granted the exclusive right to make such a decision under the provisions of Article VII, Section18 (E) of the 1974 Louisiana Constitution.
However, as Attorney for the State of Louisiana, its officers, agencies and boards, we would like to assist you by furnishing to your commission our opinion as to the applicable law which may be used by your commission in making individual decisions regarding particular taxpayer's appeals. *Page 2 
Section 21, (B), (1) and (3) of Article VII, Louisiana Constitution of 1774 exempts property from ad valorem taxation belonging to certain nonprofit corporations in the following terms:
 "(1) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places or burial, charitable, health, welfare, fraternal, or educational purposes, no part or the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax.
 (3) Property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same, and property of a nonprofit corporation devoted to promoting trade, travel, and commerce, and also property of a trade, business, industry or professional society or association, if the property is owned by a nonprofit corporation or association organized under the laws of the state for such purposes . . .
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association".
The provisions of Louisiana's prior Constitution, in relation to the exemptions being considered, hive been changed in the 1974 Constitution and, therefore, the prior jurisprudence and opinions are not helpful in resolving this inquiry.
The Louisiana Constitution of 1921, Article 10, § 4 (2) exempted the property of schools and colleges to the extent of the property and grounds used for that purpose and not leased for profit or income.
Two changes in relation to education have been effected by the new Constitution, i.e., that property be owned by a nonprofit corporation which was organized and is operated exclusively for educational purposes. *Page 3 
The exemption granted in Section 21, (B) (1) (La. Const. of 1974) to the property of nonprofit corporations organized and operated exclusively for health purposes is new. The prior Constitution exempted property devoted to charitable undertakings but did not contain an exemption of property used for health purposes.
Louisiana's prior Constitution, Article 10, § 4 (18), exempted property devoted to the development and promotion of trade, travel and commerce between the peoples of the United States with the peoples of other countries. The exemption in the new Constitution applies to property of a nonprofit corporation devoted to promoting trade, travel and commerce, which is a much broader exemption.
The last paragraph of Section 21 (B) (3) provides that property used for commercial purposes unrelated to the exempt purpose of the corporation shall not be exempt. You must, therefore, consider whether the activities conducted by the applicant and the property's use is commercial and, if so, whether such activities and use are related to the exempt purposes of the corporation.
The wording of this paragraph was thoroughly debated by the Constitutional Delegates (Volume 23, October 26, page 45 and Volume 23, October 31st, page 12, Transcript of the Constitutional Convention). It will be seen from the debates that the purpose of this article was to tax property belonging to a nonprofit corporation which was used for commercial purposes unless such commercial use was related to the exempt purpose of the corporation. This test is basically the same as that used by the United States Internal Revenue Service. Under this test e.g. a hospital would not lose its exempt status because a cafeteria for the use of personnel and visitors was operated in the hospital; however, if this hospital owned land six blocks away and a commercial business was being operated thereon which was unrelated to hospital service, the property would not be exempt from taxation.
With this general recitation of the law as a guide, we suggest that, in considering any application for exempt status of property, the following factors be considered and questions asked: *Page 4 
 1) Applications based upon educational and health activities
 A) Is the property, under consideration, owned by a nonprofit corporation?
 B) Is the corporation a nonprofit corporation?
 C) Does any part of the net earnings inure to the benefit of any private shareholder or member?
 D) Is the corporation exempt from federal and state income tax?
 E) Was the corporation organized and is it operated exclusively for health or educational purposes?
 F) Is the property being used for commercial purposes unrelated to the exempt purposes of the corporation?
 2) Application based upon promotion of trade, travel and commerce
 A) Is the property, under consideration, owned by a nonprofit corporation?
 B) Is the corporation a nonprofit corporation?
 C) Is the corporation devoted to promoting trade, travel and commerce?
 D) Is the property being used for commercial purposes unrelated to the exempt purposes of the corporation?
Although, it will be noted, under the constitutional provisions quoted above (Section 21, B, 3 of Article VII) the requirements relating to earnings by a stockholder and the exempt status of both federal and state income tax (when are listed in Section 21, B, 2 of Article VII) are not repeated, it is our opinion that these two requirements are necessary for a corporation (devoted to trade, travel and commerce) to be considered nonprofit.
It will also be noted that the words "devoted to promoting trade, travel and commerce" are used rather than the words in sub part 1 which require corporations to be operated exclusively
for various purposes listed therein. *Page 5 
for the corporation must be "devoted" to promoting trade, travel and commerce. The word "devoted" denotes a singleness of purpose and dedication to certain objectives of such a degree as to be one of the main purposes of the corporation.
In seeking to determine the answers to the questions we have submitted, you may examine the actual activities of the applicant, the purpose clause of the corporation's charter and the use of the particular portion of property under consideration.
If we can be of any further assistance to your Board, please request any further information you may need.
With best regards, I am
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General
WJG, Jr./glp